[983 NYS2d 76]

In the Matter of WILLIAM E. GAHWYLER, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 2, 2014

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Supreme Court of New Jersey, by order filed October 20, 2011 (208 NJ 353, 28 A3d 1243 [2011]), censured the respondent for various misconduct, and by order filed January 23, 2013 (212 NJ 556, 58 A3d 727 [2013]), suspended the respondent from the practice of law for one year, effective February 22, 2013. The respondent was admitted to the New Jersey bar in 1990.

By order filed October 20, 2011, the Supreme Court of New Jersey censured the respondent for violating New Jersey Rules of Professional Conduct (hereinafter RPC) rule 1.2 (d) (assisting a client in conduct the attorney knows to be illegal, criminal or fraudulent); RPC rule 1.5 (b) (failing to communicate the basis or rate of the attorney's fee in writing); RPC rule 1.7 (a) (1) and (2) (concurrent conflict of interest); RPC rule 4.1 (a) (knowingly making a false statement of material fact to a third party); RPC rule 8.4 (b) (criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as a lawyer); RPC rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and RPC rule 8.4 (d) (conduct prejudicial to the administration of justice). The order filed October 20, 2011, was predicated on a decision of the Disciplinary Review Board (hereinafter DRB) of the Supreme Court of New Jersey dated August 2, 2011, following review of a report dated December 10, 2010, by Special Master Bennett Wasserstrum, who conducted an ethics hearing.

As noted in the DRB's decision dated August 2, 2011, the respondent was asked to serve as a settlement agent for the buyer in a real estate transaction, and represented both the buyer and the sellers in the transaction, ostensibly to rescue the sellers' house from foreclosure. The respondent admitted at the ethics hearing that the HUD-1 closing statement was inaccurate, and that no permission was sought from the lender to make the disbursements he made. The DRB, upon a de novo review of the record, agreed with the Special Master's conclusion that the respondent's conduct was unethical, and concluded that a censure was the appropriate measure of discipline. Mitigating factors noted by the DRB included the respondent's unblemished record for 20 years, his noteworthy civic involvement, his lack of "ill-founded intentions," and the absence of any benefit to the respondent resulting from his misconduct, other than his fee. The DRB cautioned that future misconduct would be met with more severe discipline.

By order filed January 23, 2013, the Supreme Court of New Jersey suspended the respondent from the practice of law for one year for violating New Jersey RPC rule 1.5 (a) (charging an unreasonable fee); RPC rule 1.5 (b) (failing to communicate the basis or rate of attorney's fee in writing); RPC rule 1.7 (a) (1) and (2) (concurrent conflict of interest); RPC rule 1.15 (b) (failing to promptly deliver funds to a client or third person); RPC rule 4.1 (a) (false statement of material fact to a third party); RPC rule 8.4 (b) (criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as a lawyer); and RPC rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation). The order filed January 23, 2013, was predicated on a decision of the DRB dated December 5, 2012, following review of a report by Special Master Melinda L. Singer, who conducted an ethics hearing.

As revealed in the DRB's decision dated December 5, 2012, the respondent acted as a settlement agent in a real estate transaction in which he represented both the buyer and the seller. The respondent admitted at the hearing that he prepared and forwarded the HUD-1 closing statement to the lender, knowing that it contained materially false entries, and knowing that the lender would rely on it. Following a de novo review of the record, the DRB was satisfied that the conclusion of the Special Master, to wit, that the respondent was guilty of unethical conduct, was supported by clear and convincing evidence. Specifically, with respect to misrepresentations made by the respondent on the HUD-1 closing statement, the DRB found that they were "egregious." As to the appropriate measure of discipline to impose, the DRB concluded, based on New Jersey precedent, that the respondent's conduct merited a one-year suspension, taking into consideration the following factors: the current RPC violations; his prior censure; the magnitude of the misrepresentations made on the HUD-1 closing statement (more than $152,000 in disbursements did not appear on the statement); the enormity of the harm to the seller, a vulnerable, elderly woman; his placement of the name of another attorney, who was not involved in the transaction, on the HUD-1 closing statement; and his willingness to disregard his obligations as a closing agent in order to pursue his own interests.

The respondent was personally served with a copy of a notice, pursuant to 22 NYCRR 691.3, of the present application of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts on August 13, 2013. More than 20 days have

elapsed since service of the notice, and the respondent has neither filed a verified statement nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

In view of the discipline imposed by the Supreme Court of New Jersey, we find that the imposition of reciprocal discipline is warranted, and we suspend the respondent from the practice of law for a period of one year.

ENG, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, William E. Gahwyler, Jr., is suspended from the practice of law for a period of one year, commencing May 2, 2014, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 2, 2015. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, William E. Gahwyler, Jr., shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, William E. Gahwyler, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, William E. Gahwyler, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the re-

54

spondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).